# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:18-cv-186-DGK |
| GUADALAJARA, INC., et al., | ) ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION FOR CONSENT JUDGMENT

This lawsuit arises out of the Department of Labor's allegations that Defendants violated the minimum wage, overtime, and recordkeeping provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Now before the Court is the parties' agreed upon Motion for Entry of Consent Judgment (Doc. 18). Because the Court is unable to discern any reason why it should approve the proposed settlement, the motion is DENIED WITHOUT PREJUDICE.

"Although the law favors settlements, federal courts in adopting consent decrees are not mere recorder[s] of contracts from whom parties can purchase injunctions." *Angela R. by Hesselbein v. Clinton*, 999 F.2d 320, 324 (8th Cir. 1993) (internal quotation omitted). "Before approving a class action settlement and entering the requested consent decree . . . a federal court must determine that the settlement is consistent with the statute the consent judgment is to enforce and fairly and reasonably resolves the controversy in a manner consistent with the public interest." *Id*. (internal quotation omitted).

The justification for the proposed judgment is this: "In support of this Motion, Plaintiff states that Defendants have consented to the entry of this Judgment." Mot. at 1. Also, in an email accompanying the proposed consent judgment, counsel suggests that the consent judgment is

modeled on an unopposed consent judgment the Court approved in *Acosta v. Legend of Asia, LLC*, No. 4:16-cv-00549-DGK.

The proposed settlement here is very different from the one the Court approved in *Legend of Asia*, albeit on an equally sparse record. In that case, the Court approved the consent judgment in spite of the bare-bones suggestions in support because the judgment required defendants to pay a $10,000 penalty and pay their employees $150,000 in back wages, overtime compensation, and liquidated damages. It was clear from the amounts the defendants paid that the consent judgment furthered the FLSA's statutory purpose and "fairly and reasonably" resolved the case "in a manner consistent with the public interest" by requiring the defendants to pay their employees at least a portion of the amount allegedly owed.

That is not the case here. The consent judgment does not require Defendants to pay damages or even admit wrongdoing.[1] In fact, other than agreeing to a one-time audit of Defendants' payroll-keeping practices during a two-week period, the consent judgment only requires Defendants to not violate the FLSA in the future—something the law already requires. Hence, the consent judgment looks suspiciously like a dismissal. While such a result might be justified,[2] if so, the parties should explain why on the record. On the other hand, if there is any merit to the Complaint's allegations that Defendants failed to pay twenty-nine employees all their wages due during a three-year period, it is difficult to see how the proposed consent decree "fairly and reasonably resolves the controversy in a manner consistent with the public interest."

---

[1] The proposed consent judgment states Defendants "have agreed to the entry of this Judgment *without admission* but without contest pursuant to an agreement between the parties." Proposed Consent Judg. at 1 (emphasis added).

[2] For example, if the Department of Labor discovered after filing suit that the employees had, in fact, been paid everything they were owed, and that Defendants had merely committed de minimis violations of the FLSA's record keeping provisions.

In short, the parties need to provide more information explaining why the proposed judgment is consistent with the FLSA's enforcement provisions and fairly and reasonably resolves the controversy in a manner consistent with the public interest.

The motion (Doc. 18) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: October 29, 2018 /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT